UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                  :
ALLSTATE INSURANCE COMPANY, *et al.*,             :          **SUMMARY ORDER**
                                                  :          06 CV 1316 (DLI) (MDG)
                              Plaintiffs,          :
                -against-                          :
                                                  :
AHMED HALIMA, M.D., *et al.*,                     :
                                                  :
                              Defendants.          :
----------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**


        Plaintiffs, several insurance companies, filed the instant action seeking recovery of money

paid to defendants, physicians and medical service providers, as reimbursement for claims

defendants submitted to them for allegedly improper charges.  (*See generally*, Compl., Docket Entry

No. 1.)  Plaintiffs asserted two claims under the Racketeer Influenced and Corrupt Organizations

Statute, 18 U.S.C. § 1962(c), (d) ("RICO claims"), and additional claims for unjust enrichment and

fraud ("common law claims").  (*Id.*)  Several defendants filed cross-claims and third-party claims.

Since filing the complaint, Plaintiffs have settled with numerous defendants.

        On July 25, 2007, Defendants Bernard Glassman, GB Associates, Inc., GB Medical

Management, Inc., and Tremont Professional Management, Inc. (collectively, the "Glassman

Defendants") filed a stipulation of dismissal (*see* Docket Entry No. 81), which the court So Ordered.

Additionally, the Glassman Defendants requested that the court issue a settlement bar order—an

order prohibiting non-settling defendants from asserting claims against them.  Defendants Ahmed

1

Halima, M.D. and Diagnostic Medical Testing, P.C. (collectively, the "Non-settling Defendants"[1])

oppose the request for a bar order with respect to certain cross-claims. (*See generally*, Docket Entry

No. 97.)

The parties do not contest whether the court should issue a settlement bar order; rather, it is

the scope of such an order that is at issue. None of the parties dispute that the settlement bar order

should extinguish indemnity and contribution claims under RICO. *See Local 875 I.B.T. Pension

Fund v. Pollack*, 49 F. Supp. 2d 130, 133 n.2 (E.D.N.Y. 1999) ("[T]here is no right to contribution

or indemnification under RICO."). Further, none of the parties dispute that the order should

extinguish the Non-settling Defendants' right to contribution for the common law claims. The

parties do, however, dispute whether it should additionally extinguish claims for (i) indemnification

arising under Plaintiffs' common law claims, and (ii) contract. For the reasons set forth more fully

below, the court holds that both claims should be extinguished by a settlement bar order.

It is well settled that "a district court may properly bar claims of non-settling defendants

against settling defendants for contribution and indemnity." *Denney v. Deutsche Bank A.G.*, 443

F.3d 253, 273 (2d Cir. 2006) (citing *Gerber v. MTC Elec. Techs. Co.*, 329 F.3d 297, 305 (2d Cir.

2003)). ("[T]he district court properly barred their contribution and indemnity claims."). Bar orders

prohibiting these claims are permissible if they ensure fairness to non-settling defendants. *See id.*

at 306 ("By ensuring that . . . the non-settling defendants are not held responsible for any damages

for which the settling defendants are proven liable, [the bar order] adequately compensates the non-

---

[1] Laurie Lamare, D.C. is a non-settling defendant, who failed to respond to the September 21, 2007 Order to Show Cause why the Settlement Bar Order should not be issued. The court construes this as a lack of opposition to the motion. In resolving the motion, the term "Non-settling Defendants" excludes Lamare; however, Lamare, like all defendants, will be bound by this Order and any subsequent settlement bar order.

settling defendants for their indemnity and contribution claims . . . ). "Ordinarily, the potential harshness of a bar order is mitigated by a judgment credit provision that protects a non-settling party from paying damages exceeding its own liability." *Denney*, 443 F.3d at 274; *Pollack*, 49 F. Supp. 2d at 132-33 ("[T]he non-settling defendants are adequately protected by the judgment reduction provision . . ."). The Second Circuit has expressed approval for judgment credit provisions that credit non-settling defendants with "the greater of (1) the settlement attributed to common damages, or (2) the settling defendants' proportionate share of the total damages." *See, e.g.*, *Gerber*, 329 F.3d at 305. Thus, a settlement bar order prohibiting the Non-Settling Defendants' indemnity claims against the Glassman Defendants is permissible if it includes a proper judgment credit provision.

A settlement bar order is too broad, and thus, unfair to non-settling defendants, if its terms can be interpreted as extinguishing claims independent of indemnity and contribution. Independent claims, those for which damages sought do not consist of "the non-settling defendant's liability to the plaintiff," *Gerber*, 329 F.3d at 306, should not be extinguished. "The issue . . . is less one of independent 'claims' than independent 'damages.'" *Id*. at 307. For example, indemnity claims disguised as contract claims are properly extinguished by a settlement bar order; however, claims seeking "losses relating to the cost of defense arising out of a breached contractual or fiduciary relationship" should not be extinguished as non-settling defendants have "not been compensated for those losses by the judgment credit." *Id*. at 306.

The Non-Settling Defendants contend that the settlement bar order should not extinguish their independent contract claim against the Glassman Defendants. In their cross-complaint, the Non-settling Defendants sought damages from the Glassman Defendants "to the extent that Halima is obligated to repay any moneys to Plaintiffs based upon ineffective billing, collection or

management practices by Glassman or GB . . ." (Ans. & Cross-Compl. ¶ 7.) On the face of the cross-complaint it is clear that this contract claim—a claim for damages for the Non-settling Defendants' potential liability to Plaintiffs—is a disguised claim for indemnification. Any settlement bar order prohibiting such a claim is proper and enforceable.

## CONCLUSION

The Glassman Defendants' request for a settlement bar order is granted. The parties are directed to submit a proposed joint settlement bar order in accordance with this Order on or before July 18, 2008.

SO ORDERED.

DATED:      Brooklyn, New York
            June 26, 2008

_____/s/_____
        DORA L. IRIZARRY
     United States District Judge